# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:11-cv-00264-MR
## [Criminal Case No. 1:10-cr-00056-MR-1]

| | |
|---|---|
| CHAZ ANTWOINE MOTLEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **O R D E R** |

**THIS MATTER** comes before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed.

## I.  BACKGROUND

On September 7, 2010, the Government filed an a Superseding Bill of Information charging Petitioner with one count of possession and distribution of more than 5 grams of cocaine base, or crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C), and one count of being an unlawful user of and addicted to any controlled substance while knowingly possessing a firearm in and affecting interstate commerce, in

violation of 18 U.S.C. § 922(g)(3). [1:10cr56, Doc. 3: Superseding Bill of Information]. That same day, Petitioner, through counsel, agreed to waive issuance of an indictment and he entered into a Plea Agreement with the Government wherein he agreed to plead guilty to Counts One and Two of the Superseding Bill of Information in exchange for the Government's agreement to dismiss the Bill of Indictment pending in Case No. 1:10cr25. [Id., Doc. 7: Plea Agreement]. Petitioner appeared with counsel before U.S. Magistrate Judge Dennis L. Howell for his Plea and Rule 11 hearing and his pleas of guilty were accepted after a thorough colloquy where the Court determined that Petitioner's guilty plea was entered knowingly and voluntarily. [Id., Doc. 8: Acceptance and Entry of Guilty Plea].

The U.S. Probation Office prepared a presentence report ("PSR") in preparation for Petitioner's sentencing hearing. In the PSR, the probation officer noted two prior convictions sustained in North Carolina on August 1, 2005, and on May 16, 2008, for possession of cocaine with intent to sell/deliver. [Id., Doc. 13: PSR at ¶¶ 35, 42]. The PSR noted that Petitioner's prior drug offenses qualified him as a career offender under U.S.S.G. § 4B1.1 which placed Petitioner into a Level VI criminal history

category with a Guidelines range of 188 to 235 months' imprisonment.[1] [PSR at ¶ 66].

Petitioner's counsel filed an objection to the classification of the prior North Carolina drug convictions as predicate felony convictions, citing the Supreme Court's opinions in United States v. Rodriguez, 553 U.S. 377, 128 S.Ct. 1783, 170 L.Ed.2d 719 (2009), and Carachuri-Rosendo v. Holder, __ U.S. __, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). Petitioner's counsel argued that under North Carolina's Structured Sentencing Act, Petitioner could not have received a sentence in excess of one year on either drug conviction, and therefore, the drug convictions did not qualify as "controlled substance offenses" under U.S.S.G. § 4B1.2(b). Petitioner's counsel asserted that if this objection was sustained and he was ruled ineligible for the career offender enhancement, his base offense level would be reduced and his sentencing guideline range would be lowered to 63-78 months. [Id., Doc. 13: PSR at 17 Objection Two (Paragraphs 24, 25, 29, 30, and 66)]. The probation officer responded to the objection by noting that the Class H felony of possession with intent to sell/deliver cocaine carried a maximum aggravated penalty of 30 months' imprisonment. Accordingly, the

---

[1] The statutory range was not less than 5 years nor more than 40 years for Count One, see 21 U.S.C. § 841(b)(1)(B), and not more than 10 years' imprisonment on Count Two. 18 U.S.C. § 922(g)(3). [Id., Doc. 13: PSR at ¶65]. Therefore, the Guideline range exceeded the statutory range for Count 2, but not for Count 1.

3

probation officer recommended no change in Petitioner's designation as a career offender. [Id. at 18].

On May 25, 2011, Petitioner appeared with counsel for his sentencing hearing. The Court overruled Petitioner's objection and found that he qualified as a career offender. The Court noted, however, that Petitioner's previous sentences for the North Carolina drug offenses were each for less than one year, and that based on *his* prior record level, Petitioner could not have been sentenced to more than one year on either conviction. The Court found that the particular facts of Petitioner's case warranted "a less harsh treatment for this Defendant than if he were in the heartland of career offenders." [Id., Doc. 20: Statement of Reasons at 3]. Accordingly, the Court entered judgment sentencing Petitioner not to the term as a career offender within the 188-235 month range, but rather to a term of 96-months on Counts One and Two, with such sentences to run concurrently. [Id., Doc. 19: Judgment in a Criminal Case]. Petitioner did not file a direct appeal from this criminal judgment.

On August 17, 2011, approximately two and a half months after Petitioner's criminal judgment became final, the Fourth Circuit issued its *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), wherein the Court, in light of the Supreme Court's decision in Carachuri,

4

overruled well-established Circuit precedent[2] and held that under North Carolina's Structured Sentencing Act, a defendant is convicted of a crime "punishable" by more than one year only if an offender possessing the same prior record level and convicted of similar aggravating factors could have received such a sentence. Id. at 249; see also United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012) (explaining that Simmons requires courts to "look not to the maximum sentence that North Carolina courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history").

On October 18, 2011, Petitioner, relying upon Simmons, filed a *pro se* motion under Section 2255 contending that his sentence was improperly enhanced based on the Court's finding that he qualified as a career offender due to his two prior convictions for possession of cocaine with intent to sell/deliver. Petitioner moves to have his criminal judgment vacated and the matter remanded for further consideration. [1:11cv264, Doc. 1 at 2-4].

---

[2] See United States v. Harp, 406 F.3d 242 (4th Cir. 2005), overruled by Simmons 649 F.3d at 247-249.

The Government filed a response to Petitioner's Section 2255 motion arguing that by failing to file a direct appeal, Petitioner has procedurally defaulted his ability to argue against the career offender enhancement. [Doc. 4 at 2-5]. Alternatively, the Government argues that even if Petitioner had not procedurally defaulted this claim, his sentence was below the guidelines calculation and within the maximum sentence as authorized for conviction on Counts One and Two. [Id. at 6-7].

On October 16, 2012, the Federal Public Defender filed a notice of appearance on Petitioner's behalf and a notice of intention to file both a supplement to Petitioner's Section 2255 motion and a reply to the Government's answer by October 25, 2012. [Docs. 5, 6]. To date, however, no such supplement or reply has been filed.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an

evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a defendant may only attack his sentence in the following circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or **that the sentence was in excess of the maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). Thus, relief under § 2255 is available only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (citation omitted).

Here, Petitioner has failed to demonstrate that he is entitled to relief in this case. A sentencing error does not result in a miscarriage of justice where the sentence imposed is nevertheless within the statutory maximum term of imprisonment. See United States v. Pregent, 190 F.3d 279, 284

(4th Cir. 1999) ("Section 2255 provides relief for cases in which the sentence was in excess of the maximum authorized by law. Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.") (citations and internal quotation marks omitted); see also Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (*en banc*) (finding no miscarriage of justice where sentence imposed did not exceed the statutory maximum sentence). As previously noted, although Petitioner was determined to be a career offender, the Court imposed a sentence of 96 months, which was substantially below the Guidelines range of 188 to 235 months and well below the statutory maximum that Petitioner could have received. Thus, even if, as Petitioner contends, his designation as a career offender was erroneous, Petitioner has failed to prove how the career offender designation resulted in a miscarriage of justice. See Powell, 691 F.3d at 563 n.2 (King, J., dissenting in part and concurring in the judgment in part) (noting that career offenders do not receive sentences exceeding the applicable statutory maximum and thus "cannot rely on Carachuri to obtain § 2255 relief"); see also United States v. Walker, No. 11-6660, 2012 WL 5359506, at *1 (4th Cir. Nov. 1, 2012) (unpublished) (rejecting challenge to validity of predicate offenses relied upon for career

offender enhancement, noting that Court had "recently determined that Carachuri-Rosendo claims may not be raised retroactively in collateral proceedings") (citing Powell, supra). Based on the foregoing, the Court finds that Petitioner has failed to show that he is entitled to relief in this Section 2255 proceeding, and it will be denied and dismissed.[3]

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

---

[3] Because the Court has determined that Petitioner is not entitled to any relief under Section 2255, the Court need not reach the Government's argument regarding procedural default.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DENIED** and **DISMISSED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 14, 2013

Martin Reidinger
United States District Judge